### PELHAM v. DEMAREST.

*(Circuit Court, S. D. New York. June 28, 1882.)*

PATENTS FOR INVENTIONS—DEVICES PERFORMING DIFFERENT FUNCTIONS.
    Where the devices in the hod elevator patented by defendant are not the equivalents of the complainant's, but perform a different function, there is no infringement of plaintiff's patent.

*Kitchen & Brown,* for complainant.

*Frost & Co.,* for defendant.

WALLACE, C. J. The first claim of the letters patent No. 95,262, granted September 28, 1869, to Thomas M. Pelham for an improved hod elevator, is in controversy in this action. That claim reads as follows: "A hod-elevating platform arranged to support the hods by the shanks at the edges at the bottom or floor, and by leaning the under side of the top and the upper part of the shanks against notch-bars, substantially as specified." The invention relates to improvements in hod-elevating platforms such as are used by builders for elevating and returning the hods containing bricks, mortar, etc., and has for its object to provide an arrangement whereby the persons who take the hod from the platform after it is elevated may do so without being required to step on the platform in shouldering the hod.

The French patent of March, 1860, granted to George Johnson, of London, describes a hod elevator having the same purpose as Pelham's device, and so constructed that the hods, when the platform is elevated, can be removed from the platform by the workman without requiring him to step upon the platform. In view of this French patent, the complainant's patent is to be limited so as to embrace

only the particular devices described in his patent, and their equivalents for performing the same functions. A particular description of these devices is unnecessary. It suffices to say their operation is such that when the end of the hod shank rests in the floor socket the bowl and shank of the hod at and near their junction will be supported by the cross-bar, and be so far inwardly out of perpendicular with the floor socket that they will be be kept in place by the weight of the hod-bowl and its contents, the center of gravity being on the inward side of the cross-bar.

A practical disadvantage results from the principle of the complainant's invention, whereby the open end of the hod-bowl is presented to the workman when he proceeds to remove the hod, and he is required to reverse the end of the bowl, and the contents of the bowl are thus liable to fall out. Upon the proofs the conclusion is reached that the apparatus actually used by the defendant, and which is alleged to infringe the complainant's patent, is that described in letters patent issued to the defendant, No. 231,021, bearing date August 10, 1880. The devices in the hod elevator patented by the defendant are not the equivalents of the complainant's, but perform a different function. Their office is to hold the hod in a vertical position, and resting on its shank instead of on the cross-bar. By the defendant's devices the closed end of the hod-bowl may be on the outer side of the cross-bar, and when it is thus presented to the workman he does not require to reverse the end of the bowl, and there is no liability that the contents of the bowl will escape.

The defendant does not infringe, and the bill is dismissed, with costs.